UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1985

PETER W. KRIEGSMANN,

Plaintiff -Appellant,

v.

FIRSTWORTHY, FWC Partners LP,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Deborah K. Chasanow, District Judge. (8:05-cv-02534-DKC)

Submitted:  February 28, 2008        Decided:  March 3, 2008

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter W. Kriegsmann, Appellant Pro Se.  Bruce Stephen Harrison, Kraig Betner Long, SHAWE & ROSENTHAL, LLP, Baltimore, Maryland; Rebecca Siegel Singer, SINGER & GREENBERG, PLLC, Dallas, Texas, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter W. Kriegsmann appeals the district court's order granting summary judgment to FWC Firstworthing (the "Employer") and dismissing his employment discrimination suit alleging a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12300 (2000). On appeal, Kriegsmann alleges error by the district court in dismissing his claims on the basis that his carpal tunnel syndrome was not a qualifying disability under the ADA, that he is otherwise a qualified individual with a disability based on hearing loss from which he suffers, and he takes issue with the district court's description of his job title in its memorandum opinion.

This court reviews an award of summary judgment de novo. Higgins v. E. I. Dupont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' respective burdens of proof at trial. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Id. at 255; Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1996).

Our review of the record reveals no reversible error with regard to the district court's determination that Kriegsmann failed to establish that he was a qualified individual with a disability such that he proved a prima facie case under the ADA. Moreover, given the propriety of that determination, any claim of error with regard to the district court's description of his job title is irrelevant.

Accordingly, we affirm the district court's order granting the Employer's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED